**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Thomas D. Pease (NJ Bar No. 055421994)
   Peter Calamari (*pro hac vice* application pending)
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      (212) 849-7000 (Phone)
   Ethan C. Glass (*pro hac vice* application pending)
   Michael D. Bonanno (*pro hac vice* application pending)
      1300 I Street NW, Washington, DC 20005
      (202) 538-8000 (Phone)
*Attorneys for Plaintiff RareGen, LLC*

**ALSTON & BIRD LLP**
   Jenny Kramer (NJ Bar No. 014372001)
      90 Park Avenue 15th Floor
      New York, NY 10016
      (212) 210-9400 (Phone)
   Michael P. Kenny (*pro hac vice* application pending)
   Matthew D. Kent (*pro hac vice* application pending)
   Allison S. Thompson (*pro hac vice* application pending)
   Jonathan D. Parente (*pro hac vice* application pending)
      1201 West Peachtree Street, Suite 4900
      Atlanta, GA 30309
      (404) 881-7000 (Phone)
*Attorneys for Plaintiff Sandoz Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sandoz Inc. and RareGen, LLC<br><br>      *Plaintiffs*,<br><br>v.<br><br>United Therapeutics Corporation and Smiths Medical ASD, Inc.<br><br>      *Defendants*. | Case No. 3:19-cv-10170-BRM-LHG<br><br>**APPLICATION PER LOCAL CIVIL RULE 65.1 FOR AN ORDER TO SHOW CAUSE WHY (1) EXPEDITED DISCOVERY SHOULD NOT BE GRANTED; AND (2) A SCHEDULING ORDER SHOULD NOT BE ISSUED** |

Defendants United Therapeutics Corporation ("United Therapeutics") and Smiths Medical ASD, Inc. ("Smiths") are unlawfully blocking Plaintiffs Sandoz Inc. ("Sandoz") and RareGen, LLC ("RareGen") from competing against United Therapeutics' brand-name treprostinil drug ("Remodulin®"). Plaintiffs recently introduced a generic alternative to Remodulin®, but their cheaper product cannot be used by a large number of patients today because Defendants have prohibited patients from using certain medical devices, called cartridges, to administer generic treatments. Plaintiffs brought this suit to lift those restrictions and open up the market to competition.

Plaintiffs intend to promptly move for a preliminary injunction to obtain immediate relief from Defendants' anticompetitive restrictions. Certain critical information that will be relevant to that motion, however, remains exclusively in Defendants' hands. For that reason, pursuant to Local Civil Rule 65.1, Plaintiffs respectfully request that the Court enter an order requiring Defendants to show cause as to why (1) expedited discovery should not be ordered; and (2) a scheduling order concerning Plaintiffs' forthcoming preliminary injunction motion should not be issued.

Specifically, Plaintiffs ask the Court to enter an Order requiring Defendants to show cause in writing, within 5 calendar days of entry of the Court's Show Cause Order, why the following expedited discovery should not occur before the hearing

on Plaintiffs' forthcoming motion for a preliminary injunction:

    a.    Ten (10) interrogatories per side;

    b.    Twenty (20) requests for production per side;

    c.    Five (5) non-expert depositions per side; and

    d.    Two (2) expert reports per side, with expert depositions to follow.

Plaintiffs also ask the Court to enter an Order requiring Defendants to show cause in writing, within 5 calendar days of entry of the Court's Show Cause Order, why the following scheduling order (subject to the Court's approval) should not be entered regarding Plaintiffs' forthcoming motion for a preliminary injunction:

| EVENT | DATE |
|---|---|
| Service of interrogatories and requests for production | Within 4 days after entry of the scheduling order |
| Responses and objections to written discovery | Within 1 week after service of written discovery |
| Completion of document productions | Within 2 weeks after responses and objections to written discovery |
| Completion of non-expert depositions | Within 3 weeks after completion of document productions |
| Exchange of expert reports | Within 1 week after completion of non-expert depositions |
| Completion of expert depositions | Within 2 weeks after exchange of expert reports |
| Plaintiffs' motion for preliminary injunction | Within 1 week after completion of expert depositions |

| EVENT | DATE |
|---|---|
| Defendants' opposition | Within 1 week after motion for preliminary injunction |
| Plaintiffs' reply brief | Within 5 days after Defendants' opposition |
| Preliminary injunction hearing | The Court's earliest available date after August 1, 2019 |

Plaintiffs seek the forgoing relief through an Application for Emergency Relief, rather than a noticed motion, because proceeding with discovery and motion practice according to the default timelines in Federal Rule of Civil Procedure 26 and the Local Rules risks causing Plaintiffs irreparable harm. Before bringing this suit, Plaintiffs pursued a commercial agreement with Smiths that would remove Defendants' current cartridge restrictions, but those efforts were unsuccessful. On April 3, 2019, Defendants conveyed that they would not entertain any proposal that would allow Plaintiffs to obtain cartridges and start immediately competing with Defendants on even footing. Plaintiffs promptly filed this Application after receiving notice of Defendants' position.

In support of their Application, Plaintiffs rely on the accompanying Memorandum of Law, the Declarations of Ethan Glass and Damian deGoa, the papers on file in this action, and all other matters properly before the Court. As set forth fully in the accompanying Memorandum of Law, Plaintiffs respectfully submit there is good cause for the relief requested by Plaintiffs because Defendants' conduct

poses a threat of irreparable harm, they possess information that will be critical to Plaintiffs' forthcoming motion for a preliminary injunction, and Plaintiffs have narrowly tailored their requested relief to avoid imposing an unfair burden on Defendants.

Dated:  April 19, 2019          Respectfully submitted,

By:  */s/ Thomas D. Pease*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Thomas D. Pease (NJ Bar No. 055421994)
   Peter Calamari (*pro hac vice* application pending)
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      (212) 849-7000 (Phone)
      thomaspease@quinnemanuel.com
      petercalamari@quinnemanuel.com
   Ethan C. Glass (*pro hac vice* application pending)
   Michael D. Bonanno (*pro hac vice* application pending)
      1300 I Street NW, Washington, DC 20005
      (202) 538-8000 (Phone)
      ethanglass@quinnemanuel.com
      mikebonanno@quinnemanuel.com

*Attorneys for Plaintiff RareGen, LLC*

By:  */s/ Jenny Kramer*
**ALSTON & BIRD LLP**
   Jenny Kramer (NJ Bar No. 014372001)
      90 Park Avenue 15th Floor
      New York, NY 10016
      (212) 210-9400 (Phone)
      Jenny.Kramer@alston.com
   Michael P. Kenny (*pro hac vice* application pending)

4

>Matthew D. Kent (*pro hac vice* application pending)
>Allison S. Thompson (*pro hac vice* application pending)
>Jonathan D. Parente (*pro hac vice* application pending)
>>1201 West Peachtree Street, Suite 4900
>>Atlanta, GA 30309
>>(404) 881-7000 (Phone)
>>Mike.Kenny@alston.com
>>Matthew.Kent@alston.com
>>Allison.Thompson@alston.com
>>Jonathan.Parente@alston.com
>
>*Attorneys for Plaintiff Sandoz Inc.*