**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Thomas D. Pease (NJ Bar No. 055421994)
   Peter Calamari (*pro hac vice* application pending)
     51 Madison Avenue, 22nd Floor
     New York, NY 10010
     (212) 849-7000 (Phone)
   Ethan C. Glass (*pro hac vice* application pending)
   Michael D. Bonanno (*pro hac vice* application pending)
     1300 I Street NW, Washington, DC 20005
     (202) 538-8000 (Phone)
*Attorneys for Plaintiff RareGen, LLC*

**ALSTON & BIRD LLP**
   Jenny Kramer (NJ Bar No. 014372001)
     90 Park Avenue 15th Floor
     New York, NY 10016
     (212) 210-9400 (Phone)
   Michael P. Kenny (*pro hac vice* application pending)
   Matthew D. Kent (*pro hac vice* application pending)
   Allison S. Thompson (*pro hac vice* application pending)
   Jonathan D. Parente (*pro hac vice* application pending)
     1201 West Peachtree Street, Suite 4900
     Atlanta, GA 30309
     (404) 881-7000 (Phone)
*Attorneys for Plaintiff Sandoz Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sandoz Inc. and RareGen, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>United Therapeutics Corporation and Smiths Medical ASD, Inc.<br><br>*Defendants*. | Case No. 3:19-cv-10170-BRM-LHG<br><br>**[PROPOSED] ORDER TO SHOW CAUSE WHY (1) EXPEDITED DISCOVERY SHOULD NOT BE GRANTED; AND (2) A SCHEDULING ORDER SHOULD NOT BE ISSUED** |

The Court, having considered the Complaint, Plaintiffs' Application for an Order to Show Cause Why (1) Expedited Discovery Should Not Be Granted; and (2) a Scheduling Order Should Not Be Issued, the Memorandum of Law in Support thereof, and the supporting declarations submitted therewith, and the arguments advanced by Counsel, and for good cause shown, hereby **GRANTS** Plaintiffs' Application.

Specifically, it is hereby **ORDERED** that Defendants must show cause in writing, within 5 calendar days, as to why the following expedited discovery should not occur before the hearing on Plaintiffs' forthcoming motion for a preliminary injunction:

   a.   Ten (10) interrogatories per side;

   b.   Twenty (20) requests for production per side;

   c.   Five (5) non-expert depositions per side; and

   d.   Two (2) expert reports per side, with expert depositions to follow.

It is further **ORDERED** that Defendants must show cause in writing, within 5 calendar days, as to why the following scheduling order should not be entered regarding Plaintiffs' forthcoming motion for a preliminary injunction:

| EVENT | DATE |
| --- | --- |
| Service of interrogatories and requests for production | Within 4 days after entry of the scheduling order |
| Responses and objections to written discovery | Within 1 week after service of written discovery |
| Completion of document productions | Within 2 weeks after responses and objections to written discovery |
| Completion of non-expert depositions | Within 3 weeks after completion of document productions |
| Exchange of expert reports | Within 1 week after completion of non-expert depositions |
| Completion of expert depositions | Within 2 weeks after exchange of expert reports |
| Plaintiffs' motion for preliminary injunction | Within 1 week after completion of expert depositions |
| Defendants' opposition | Within 1 week after motion for preliminary injunction |
| Plaintiffs' reply brief | Within 5 days after Defendants' opposition |
| Preliminary injunction hearing | The Court's earliest available date after August 1, 2019 |

It is further **ORDERED** that that Plaintiffs shall serve this Order on Defendants, through their counsel, as soon as practicable.

IT IS SO ORDERED.

Dated:

_____