**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Sandoz Inc. and RareGen, LLC,<br><br>                             Plaintiffs,<br><br>       v.<br><br>United Therapeutics Corporation and Smiths Medical ASD, Inc.,<br><br>                            Defendants. | Civil Action No. 3:19-cv-10170-BRM-LHG<br><br>***Electronically Filed***<br><br>**STIPULATED SCHEDULING ORDER** |

**THIS MATTER HAVING BEEN OPENED** to the Court on consent of the parties following a teleconference held with the Court on May 6, 2019, and the parties having agreed upon a schedule for preliminary injunction proceedings and motion to dismiss briefing, and for other good cause shown, it is

**ON THIS ___8___ DAY OF MAY, 2019,**

**ORDERED** that the Court adopts the following schedule which shall govern further proceedings related to Defendants' potential motion to dismiss and Plaintiffs' forthcoming motion for a preliminary injunction in this action, unless modified for good cause shown:

1. **Pleadings and Potential Motion To Dismiss**

   a. Defendants shall answer, move, or otherwise respond to the Complaint by May 24, 2019.

   b. Should Defendants file a motion under Rule 12, Plaintiffs' opposition brief shall be due by June 17, 2019, and Defendants' reply brief shall be filed by June 24, 2019.

2.    **Limits on Discovery for the Preliminary Injunction Proceedings**

    a.  Each side may serve up to ten (10) interrogatories on the other side (including subparts).

    b.  Each side may serve up to twenty-five (25) requests for production on the other side, no more than five (5) of which may be served after June 14, 2019.

    c.  Each side may take up to ten (10) non-expert depositions, including party and non-party depositions.  Cross-noticed depositions of third parties will count against each noticing party, and for cross-noticed depositions, each side shall be permitted to conduct at least 3.5 hours of on-the-record questioning.

    d.  Each side may serve up to three (3) affirmative expert reports on the schedule set forth below; following the disclosure, the side disclosing the expert shall make the expert available for deposition within the schedule set forth in this Order.  Communications between a party and its expert(s) shall not be discoverable unless an expert relies upon the substance of a communication from a party when forming his or her opinions.

    e.  Each side may serve up to seven (7) Rule 45 document subpoenas.

3.    **Discovery Deadlines in conjunction with the Preliminary Injunction Hearing**:

    a.  Interrogatories, requests for production, and document subpoenas may be served starting on May 13, 2019.

    b.  No later than May 17, 2019, each party shall identify: (i) a proposed set of document custodians whose files will be searched when the party is responding to document discovery in connection with the preliminary injunction proceedings; and (ii) any central information repositories or

databases in its possession that are likely to be implicated by discovery in the preliminary injunction proceedings. For each custodian, the party shall provide the custodian's title, the time period during which they were employed by the party, and a brief description of his or her relevance to the issues to be litigated in the preliminary injunction hearing. For each central information repository or database, the party shall provide a brief description of its relevance to the issues to be litigated during the upcoming preliminary injunction hearing.

c. By May 24, 2019, each side shall provide its proposed search parameters for the opposing parties to apply to their respective files when collecting documents and responding to discovery (e.g., search terms, date limitations, e-mail domains, etc.).

d. No later than June 7, 2019, the parties shall complete their meet and confer discussions over the proposed custodians, central information repositories, and databases to be subject to discovery in connection with the preliminary injunction proceedings, as well as the search parameters proposed by the opposing side.

e. Responses and objections to interrogatories and requests for production shall be served within fourteen (14) days of service.

f. All interrogatories must be served no later than June 14, 2019.

g. No requests for admission may be served in advance of the preliminary injunction hearing.

h.  To the extent the documents are non-privileged and within their possession, custody or control, and so long as a stipulated protective order has been filed that binds the parties, Defendants shall produce the three categories of documents identified in the May 4, 2019 email sent by Plaintiffs by no later than May 28, 2019.  The parties understand and agree that those documents are responsive to the draft discovery requests provided by Plaintiffs in support of their application to show cause.  The documents, if any, shall be produced and maintained by Plaintiffs in accordance with the protective order.

i.  All party document productions must be substantially complete within thirty-five (35) days after the deadline above to serve responses and objections to the requests seeking the documents (meaning by July 1, 2019 for requests for production served on May 13, 2019).  All requests for production must be served no later than July 8, 2019.

j.  All fact witness depositions for the preliminary injunction proceedings must be completed by August 9, 2019, except by agreement of all parties.

k.  Plaintiffs' opening expert reports for the preliminary injunction proceedings shall be served with all back-up materials no later than on August 23, 2019; Defendants' expert reports for the preliminary injunction proceedings shall be served with all back-up materials no later than September 13, 2019.  All expert reports shall comply with Rule 26.

l.  Expert depositions must be completed by September 27, 2019, except by agreement of all parties.

4

4.  **Preliminary Injunction Pre-Hearing Briefs:**

   a.  The parties shall attach or identify and serve with the brief all documents or testimony in support of their position on the preliminary injunction to their pre-hearing briefs (e.g., affidavits, exhibits, deposition designations), except for documents that may be used to impeach live witnesses at the preliminary injunction hearing. Plaintiffs may supplement their list of materials within seven days of receiving Defendants' pre-hearing brief to include a limited number of exhibits or additional deposition testimony solely to rebut materials identified in Defendants' pre-hearing brief.

   b.  At the preliminary injunction hearing, no party shall be permitted to introduce any document that was not produced in discovery and attached to or identified in a party's pre-hearing brief (except for impeachment of live witnesses).

   c.  Each side shall file a single pre-hearing preliminary injunction brief.

   d.  Plaintiffs shall file their motion for preliminary injunction and brief in support (including any supporting exhibits) no later than October 4, 2019.

   e.  Defendants shall file their opposition to the motion for preliminary injunction (including any supporting exhibits) no later than October 25, 2019.

5.  **Preliminary Hearing Scheduling, Timing, and Pre-Hearing Disclosure:**

   a.  The Court shall set a hearing date for the forthcoming preliminary injunction motion at its earliest date after October 25, 2019.

   b.  The time available for the preliminary injunction hearing shall be split evenly between the sides.

c. At the preliminary injunction hearing, no party shall be permitted to call any witness who was not identified as a custodian, expert witness, or subpoenaed according to the discovery process set forth in this Order.

d. The parties shall disclose to one another all witnesses whom they may call live at the preliminary injunction hearing no later than seven (7) days before the hearing.

6. **Electronic Service**: Pursuant to Federal Rule of Civil Procedure 5(b)(F), all parties have consented to service via electronic mail. All discovery requests, responses, objections, productions, and expert reports shall be served electronically on all counsel of record via email or FTP transfer.

7. This order is only applicable to the preliminary injunction proceedings. Nothing in this order shall be construed to limit or govern full merits discovery or trial.

8. By no later than **May 30, 2019**, the parties are to submit a brief joint letter advising whether they wish to mediate or participate in a Settlement Conference, and if so, when.

9. A telephonic status conference will be conducted before the undersigned on **July 29, 2013 at 3:00 p.m.** Counsel for United Therapeutics is to initiate the call to chambers at that time.

10. The parties are to submit a joint letter by no later than **July 24, 2019,** advising as to the status of this matter and setting forth their positions with respect to any discovery disputes.

DATE: 5/8/19          _____
                       HON. LOIS H. GOODMAN, U.S.M.J.