**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDOZ INC. and RAREGEN, LLC | |
| *Plaintiffs*, | Case No. 19-cv-10170-BRM-LHG |
| v. | **[PROPOSED] ORDER GRANTING A PRELIMINARY INJUNCTION** |
| UNITED THERAPEUTICS CORP. and SMITHS MEDICAL ASD, INC. | |
| *Defendants*. | |

Currently pending before the Court is the Motion for a Preliminary Injunction ("Motion") that was filed by Plaintiffs Sandoz Inc. ("Sandoz") and RareGen, LLC ("RareGen").

On May 8, 2019, the Court entered a Stipulated Scheduling Order that provided a limited window for expedited fact and expert discovery prior to the submission of Plaintiffs' Motion.  ECF No. 49.  That Stipulated Scheduling Order was amended on September 19, 2019, to alter certain deadlines for expert depositions.  ECF No. 103.  As required by Paragraph 4a of the Stipulated Scheduling Order, Plaintiffs' Motion was filed on October 4, 2019, and they attached or otherwise identified the documents, affidavits and declarations, and deposition testimony they offer in support of their Motion.  Defendants United Therapeutics Corporation ("UTC") and Smiths Medical ASD, Inc. ("Smiths") (collectively,

1

"Defendants") filed their Opposition on October 25, 2019, and as required by the Stipulated Scheduling Order, they likewise identified the documents, affidavits and declarations, and deposition testimony they offer in support of their position.

Upon review of the parties' briefing, the evidence they have submitted, and the arguments offered by counsel, the Court finds as follows:

***Likelihood of Success on the Merits.***  Plaintiffs are likely to succeed on the merits of their federal antitrust claims under Section 1 and Section 2 of the Sherman Act, 15 U.S.C. §§1-2.  Defendants' agreements with each other and specialty pharmacies, which restrict the use of cartridges for the CADD-MS® 3 pump and bar patients from using cartridges with Plaintiffs' generic treprostinil injection, have anticompetitive effects.  UTC has market power that it has exercised to insulate its brand-name treprostinil injection (Remodulin®) from competition by implementing agreements with Smiths and the specialty pharmacies to restrict the use and distribution of cartridges in the United States.  And Smiths knowingly assisted UTC in its unlawful efforts to foreclose competition between Remodulin® and Plaintiffs' generic treprostinil injection and entered into agreements with UTC that unlawfully restricted competition between Remodulin® and Plaintiffs' generic treprostinil injection.

***Irreparable Injury.***  As a result of Defendants' actions, Plaintiffs have and will continue to suffer irreparable harm and injury, including in the form of their

2

reputation and goodwill—injury that is neither monetarily compensable nor quantifiable.

***Harm to Defendants.*** The requested relief will not harm Defendants, as they will be free to sell their respective products and, in UTC's case, compete with Plaintiffs on the merits.

***Public Interest.*** The public's interest in lowering the cost of healthcare and having access to cheap generic drugs weighs in favor of the issuance of the requested injunction.

The Court therefore ORDERS, pursuant to Fed. R. Civ. P. 65(a) and Local Civ. R. 65.1, as follows:

A.    Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants having notice of this Order by personal service or otherwise, are immediately restrained and enjoined, jointly and severally, from:

1.    prohibiting specialty pharmacies, including but not limited to Accredo Health Group, Inc. and its subsidiaries and affiliates,

and CVS Specialty Pharmacy and its subsidiaries and affiliates, from dispensing cartridges for the CADD-MS® 3 pump to be used with Plaintiffs' generic treprostinil drug;

2.    prohibiting the sale or provision of cartridges for the CADD-MS® 3 pump manufactured or held by Smiths to persons other than UTC; and

3.    imposing any further restrictions, contractual or otherwise, that impede competition between Remodulin® and Plaintiffs' generic treprostinil drug.

IT IS FURTHER ORDERED THAT this Preliminary Injunction shall be effective immediately and shall remain in full force and effect pending adjudication and or/arbitration on the merits, unless sooner modified or dissolved by this Court.

IT IS FURTHER ORDERED THAT, in this Court's discretion and based on a balancing of the equities herein, which from the submissions overwhelmingly favor Plaintiffs, no bond is necessary and accordingly Fed. R. Civ. P. 65(c)'s bond requirement is hereby waived.

ISSUED this _____ day of _____, 2019.


_____

Honorable Brian Martinotti
United States District Judge