# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORP., *et ano*.,<br><br>  Defendants.<br><br>This document relates to:<br><br>ECF No. 209 | Civil Action No.: 19-10170<br><br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING DEFENDANT'S REQUEST SEEKING COPIES OF PLAINTIFF'S EXCLUSIVITY AGREEMENTS PERTAINING TO MEDICAL DEVICES** |

**LINARES,** J.

This matter comes before the Special Master by way of Joint Letter (ECF No. 209 ("Joint Letter")), which was submitted to Hon. Lois H. Goodman, U.S.M.J. on July 17, 2020. The Special Master has reviewed the submission and the relevant controlling law. For the reasons set forth below, the Special Master hereby **GRANTS IN PART** and **DENIES IN PART** the discovery request set forth by Defendant United Therapeutics in the Joint Letter.

## I.   INTRODUCTION & PARTY ARGUMENTS

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

Defendant United Therapeutics Corporation ("Defendant") seeks copies of contracts and/or agreements Plaintiff Sandoz, Inc. ("Plaintiff") has entered into relating to medical devices. (Joint Letter at 1). Specifically, Defendant seeks copies of agreements that create exclusive relationships between Plaintiff and medical device companies. (Id.). According to Defendant, these contracts are relevant to the underlying dispute because said information will assist Defendant in rebutting Plaintiff's assertion that Defendant's own contracts with Defendant Smiths Medical ASD, Inc.[1] were unreasonable and anti-competitive. (Id.). In making this argument, Defendant points to Third Circuit law which indicates that exclusivity agreements which shed light on industry standards may be discoverable in certain circumstances. (Id. at 2 (quoting and citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*, 614 F.3d 57, 76 (3d Cir. 2010)).

On the other hand, Plaintiff asserts that Defendant's request violates Rule 26 of the Federal Rules of Civil Procedure because the request is disproportionate to the needs of this case and not relevant to the claims and defenses of the matter *sub judice*. (Id. at 6). According to Plaintiff, "Defendant[] ask[s] that [Plaintiff] be ordered to produce documents about unrelated medical devices for the use with unrelated drug products in different competitive contexts." (Id.).

Despite the fact that Plaintiff has resisted Defendant's demand, Plaintiff has agreed to produce some responsive items. (Id. at 10). Specifically, Plaintiff has agreed to produce any "non-privileged, responsive communications and documents relating to obtaining exclusivity or potential exclusivity for pumps, cartridges, or delivery systems for use *in administering generic injected treprostinil*." (Id. (quoting Plaintiff's Response and Objections to Defendant's First

---

[1] The Special Master notes that he received a communication from Defendant Smiths on November 10, 2020 which indicates that Defendant Smiths has executed a binding Term Sheet settling Plaintiff's claims against it. As such, Defendant Smiths is only referred to here for purposes of clarity and not as an active participant in the action. Additionally, the dispute outlined herein does not relate to Defendant Smith, as it is strictly between Plaintiff and Defendant United.

Request for Production) (emphasis added)).  In other words, Plaintiff believes it should not be required to produce the demanded contracts because those demanded contracts are not directly related to the specific drug and delivery method at the heart of the underlying dispute, and only should be required to produce documents relating to exclusivity contracts concerning the specific drug that is the subject of this action.

## II. DISCUSSION

The Special Master finds that both parties have advanced compelling arguments.  Indeed, as Defendant has outlined, Third Circuit law does permit discovery that will shed light on industry standards and practices, as well as a party's understanding of those standards and practices.  *See Race Tires A*, 614 F.3d at 76.  Furthermore, a party's own contracts can provide insight regarding industry standards, and whether an adverse party's contract and/or conduct falls within the parameters of the industry standard.  *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 272 (3d Cir. 2012).

However, as Plaintiff has highlighted, the right to this discovery is not unfettered.  As noted, Rule 26 provides a responding party with various protections from overly broad or abusive discovery demands.  *See* Fed. R. Civ. P. 26.  Under the Rule, a demand may not be cumulative, irrelevant to the resolution of the dispute, or disproportionate to the needs of the case.  *Id.*  As such, the Special Master must balance the needs of the demanding party with the burden the discovery demand places on the responding party.

Here, the Special Master has determined that Defendant is entitled to receive some discovery pertaining to Plaintiff's own exclusive medical device contracts.  As a matter of fact, Plaintiff has offered to provide some information regarding these exclusive contracts but would like to limit its response to contracts that *only* relate to treprostinil; the drug that is at the center

of the underlying dispute. The Special Master finds this proposal to be too narrow. On the other hand, Defendant's demand for *all* exclusive contracts between Plaintiff and medical device companies is too broad and may be violative of Rule 26. As such, the Special Master finds that the ideal balance would be a combination of both parties' positions.

Accordingly, the Special Master orders that Plaintiff shall provide limited responses to Defendant's demand for exclusivity contracts. Plaintiff's response shall be limited to any and all "non-privileged, responsive communications and documents relating to obtaining exclusivity or potential exclusivity for pump, cartridges, or delivery systems for administering" *any drug subcutaneously*. The Special Master believes that this approach reflects a fair middle ground between the two extremes proposed by the parties. This will assure that Defendant receives the necessary discovery while also assuring that Plaintiff is not unduly burdened by having to respond to an expansive discovery demand.

### III. CONCLUSION & ORDER

For the foregoing reasons, it is on this 16th day of November 2020,

**ORDERED** that Defendant United Therapeutics Corporation's discovery request contained in the parties joint July 17, 2020 letter (ECF No. 209) is hereby **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that Plaintiff shall produce any and all "non-privileged, responsive communications and documents relating to obtaining exclusivity or potential exclusivity for pump, cartridges, or delivery systems for administering" any drug subcutaneously; and it is further

**ORDERED** that Plaintiff shall make said production within twenty (20) days of this Order.

**SO ORDERED**.

/s/ *Jose L. Linares*

Hon. Jose L. Linares, U.S.D.J. (Ret.)

Date: November 16, 2020