UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORP., *et ano.*,<br><br>Defendants. | Civil Action No.: 19-cv-10170<br><br>**OPINION AND ORDER<br>OF THE SPECIAL DISCOVERY<br>MASTER REGARDING DEFENDANT'S<br>REQUEST FOR RECONSIDERATION OF<br>NOVEMBER 16, 2020 OPINION AND<br>ORDER** |

**LINARES, J.**

This matter comes before the Special Master by way of a Letter dated November 27, 2020 on behalf of defendant United Therapeutics Corporation ("UTC") requesting reconsideration of the Special Master's November 16, 2020 Opinion and Order (ECF No. 249) ("Order") as it relates to the addition of Dr. Martine Rothblatt as an additional document custodian.

The Special Master has reviewed the submissions, including the December 4, 2020 Response from Plaintiffs, and the relevant controlling law. For the reasons set forth below, the Special Master hereby denies the request for reconsideration.

I.      **INTRODUCTION**

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

ME1 35268052v.2

UTC argues the Special Master overlooked the standard for determining who is a necessary custodian. UTC further argues reconsideration is appropriate because of the "extraordinary burden" resulting from the Order and that the discovery is not proportional to the needs of the case because the Order in total added more than 76,000 documents to UTC's document review.

Plaintiffs argue that UTC has not met the standard for reconsideration, stating that the Special Master applied the proper law and that there is no newly discovered evidence. Plaintiffs further argue that Dr. Rothblatt has relevant information and that any burden is proportional to the needs of the case.

## II.  DISCUSSION

Reconsideration is appropriate only to rectify plain errors of law or where there is newly discovered evidence that might alter the prior ruling. *Palladino v. Governor of Pa.*, 589 F. App'x 61 (3d Cir. 2014). The Special Master is not convinced that reconsideration is warranted here.

Rule 26 is the proper standard under which to analyze a request to add a document custodian.

The Special Master applied the aforesaid standard in determining that the addition of Dr. Rothblatt as a document custodian seeks relevant information, is proportional to the needs of the case and is not cumulative. As Plaintiffs point out in their response, when asked by the Special Master during the December 2, 2020 status conference how many of the 76,000 documents to be reviewed were documents from Dr. Rothblatt's files, counsel for UTC indicated that only a small percentage were from Dr. Rothblatt. The Special Master is not persuaded that there is any new

evidence here that would warrant reconsideration. The remaining arguments seek to re-litigate the issues that have previously been determined.

### III.   CONCLUSION & ORDER

For the foregoing reasons, it is on this 18th day of December 2020,

**ORDERED** that UTC's request for reconsideration of the Special Master's November 16, 2020 Opinion and Order is denied.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　__/s/ *Jose L. Linares*_____

　　　　　　　　　　　　　　　　　　　　Hon. Jose L. Linares, U.S.D.J. (Ret.)