## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED THERAPEUTICS CORP., *et ano*.<br><br>    Defendants. | Civil Action No.: 19-10170<br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING PLAINTIFFS' REQUEST FOR DEFENDANT TO SEARCH CUSTODIAL FILES THROUGH NOVEMBER 13, 2020 AND RAREGEN'S REQUEST FOR A PROTECTIVE ORDER** |

**LINARES,** J.

This matter comes before the Special Master by way of (i) Plaintiffs Sandoz, Inc. and RareGen LLC's Request that Defendant United Therapeutics Corp ("UTC") be required to search and produce the custodial files of Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick from April 22, 2020 through November 13, 2020. (*See* Plaintiffs' March 19, 2021 letter ("Pl. Cut-Off Br.")), and (ii) Raregen, LLC's request for a protective order with respect to the Rule 30(b)(6) deposition notice served by UTC (RareGen's March 5, 2021 Letter). The Special Master has reviewed the submissions, responses, replies and relevant controlling law, heard oral presentations by the parties on March 18, 2021, and, for the reasons set forth below, hereby **DENIES** Plaintiffs' Request for UTC to produce custodial files through November 13, 2020 and **DENIES** Raregen's Request for a Protective Order.

## DISCUSSION

The Special Master presumes the parties' familiarity with the facts and procedural posture of this matter. As such, the Special Master will only recite the facts pertinent to the subject dispute.

### i.    Plaintiffs' Request for Document Production Through November 2020

Plaintiffs seek document discovery from three UTC custodians from April 22, 2020 to November 13, 2020. (Pl. Cut-Off Br. at 1). This request is based on their Requests for Productions ("RFPs") which sought various documents from multiple custodians, including the three that are the subject of this dispute. (*Id.*). Initially, Defendant responded to the RFPs with "non-privileged, responsive documents." (*Id.* at 2 (quoting Exhibit B)). At that time, Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick were not listed as searchable custodians. (*Id.* at 2). Hence, their custodial files were not searched and produced.

However, on November 13, 2020, after the parties fully briefed the matter, the undersigned ordered that Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick be added as UTC document custodians. (*Id.*). UTC then searched these individuals custodial files and produced non-privileged, responsive documents from each custodial file for dates up to and through April 22, 2020. (*Id.*). Plaintiffs believe that UTC should be required to produce responses through November 13, 2020, the date of the Special Master's Order that included Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick as document custodians.

The Special Master finds that UTC's production as it pertains to the custodial files of Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick was appropriate. Plaintiffs' argument is rooted in the fact that they produced documents for four additional custodians up to and through present date in compliance with the Special Master's January 26, 2021 Order. (*See*

Pl. Cut-Off Br. at 2; Mar. 18, 2021 Status Conference Transcript ("Trans.") 38:9-18).  Hence, Plaintiffs believe UTC's productions should be subject to the same temporal confines.  (*Id.*; *id.*).

On the other hand, UTC believes it has fully complied with its discovery obligations and the Special Master's Orders.  (Trans. 39:13-16).  According to UTC, it "applied the same search parameters" to the Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick productions. (*Id.*).  Hence, UTC avers that it has met its discovery obligations.  (*Id.*).

The Special Master agrees with UTC.  Indeed, nothing in the Special Master's November 13, 2021 Order was designed to change the discovery parameters in place between the parties. Those parameters included, *inter alia*, an April 2020 temporal restriction.  UTC simply applied the parameters already in place to newly added custodians; a logical approach.

Moreover, the Special Master is not persuaded by Plaintiffs' assertion that UTC should be required to mimic Plaintiffs' own productions for later added custodians.  The reason this argument is not persuasive is the fact that, when UTC made its request to add four additional custodians, it specifically sought production of documents from the new custodians through *present* times.  (*See* Jan. 26, 2021 Opinion and Order).  Hence, when the Special Master granted UTC's Motion, it granted same through the date of the order.

However, Plaintiffs' Motion to add Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick did not make any such request and simply requested that these individuals be added as custodians.  Saliently, a major point in Plaintiffs' submission at that time was that UTC already had done this search when it made other productions.  (*See* Nov. 13, 2020 Order). Therefore, Plaintiffs posited that the addition of custodians would not be burdensome to UTC since the majority of the work was already complete.  That argument was not advanced by UTC when it made its request to add custodians.

ME1 36085767v.2

In other words, the underlying reasoning that supported the issuance of the November 13, 2020 Order differs from that of the January 26, 2021 Order.  Accordingly, the Special Master declines to apply Plaintiffs' logic in this circumstance and hereby denies their request.

**ii.     RareGen Request for a Protective Order**

In its March 5, 2021 Letter, RareGen requests a protective order limiting the scope of topics in the Rule 30(b)(6) deposition notice served by UTC on October 3, 2020.  Raregen seeks to limit two areas of inquiry: (1) Topic 23 regarding harm suffered by Plaintiff as a result of Defendants' conduct at issue, and (2) Topics 2, 5, 6, 8, 9, 10, 14 and 19 seeking testimony regarding "All Communications."

The second dispute regarding "All Communications" has been resolved by agreement of the parties, as set forth in the March 22, 2021 communications from the parties to the Special Master.  Thus, this aspect of Raregen's Request for a Protective Order is denied as moot.

As to Topic 23 in UTC's Deposition Notice, which seeks testimony concerning "[a]ll harm that You believe You have suffered as a result of Defendants' conduct at issue in this lawsuit including reputational, economic or otherwise," UTC argues it is entitled to ask Raregen's corporate representative about the *factual* basis for RareGen's claim for damages, including facts which RareGen witnesses have already submitted to the Court by way of affidavits and other testimony.  RareGen, on the other hand, argues that Topic 23 is not a proper subject of a 30(b)(6) examination because it effectively seeks expert discovery on damages, before expert reports have been exchanged or expert discovery has commenced.

The Special Master agrees with UTC and the cases cited in its March 10, 2021 letter that routinely hold that the factual basis underlying a party's claim for damages is a proper area of inquiry in a 30(b)(6) deposition of a corporate representative. UTC has not asked Raregen to

produce a witness to testify as to the measure or calculation of damages, which may be the subject of future expert testimony. Rather, UTC is seeking only the *factual basis* for the alleged harm suffered by RareGen as a result of Defendants' conduct. Rule 30(b)(6) only requires testimony "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If RareGen is not in possession of information related to the harm it has suffered or it is not reasonably available to it, RareGen will not be required to generate the information or provide the opinions of its experts before such disclosures are due. However, UTC is entitled to discovery into the facts underlying a damage claim prior to expert discovery. Accordingly, RareGen's request for a protective order limiting the scope of Topic 23 is denied.

## ORDER

For the foregoing reasons, it is on this 25th day of March, 2021,

**ORDERED** that Plaintiffs' Request to Compel Defendant UTC to Search and Produce Martine Rosenblatt, Alejandro Arciniegas, and Paul Fitzpatrick's Custodial Files Up to and Through November 13, 2020 is hereby **DENIED**; it is further

**ORDERED** that RareGen's request for a protective order limiting the scope of Topic 23 in the October 3, 2020 30(b)(6) Deposition Notice served by UTC is denied; and it is further

**ORDERED** that RareGen's request for a protective order limiting the scope of Topics 2, 5, 6, 8, 9, 10, 14, 19 in the October 3, 2020 30(b)(6) Deposition Notice served by UTC is denied as moot based on the March 22, 2021 communications from the parties.

**SO ORDERED**.

 /s/ *Jose L. Linares*  
Hon. Jose L. Linares, U.S.D.J. (Ret.)

ME1 36085767v.2