UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORP., *et ano*.<br><br>Defendants. | Civil Action No.: 19-10170<br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING DEFENDANT'S MOTION TO COMPEL NON-PARTY LIQUIDIA TO BEAR THE COST OF RESPONDING TO DEFENDANT'S SUBPOENA** |

**LINARES,** J.

This matter comes before the Special Master by way of Defendant United Therapeutics Corp.'s Motion to Compel Non-Party Liquidia Technologies, Inc. ("Liquidia") to Bear the Cost of Responding to Defendant's Subpoena. (*See* Defendant UTC's February 8, 2021 Letter Brief ("Def. Br.")). On February 19, 2021, Non-Party Liquidia opposed Defendant's Motion. (*See* Liquidia's February 19, 2021 Opposition Letter Brief ("Liquidia Br.")). Plaintiffs Sandoz, Inc. and RareGen, LLC (now Liquidia PAH)[1] have not taken a position with regard to same. The Special Master has reviewed the submissions and relevant controlling law, and, for the reasons set forth below, hereby **GRANTS** Defendant's Motion.

---

[1] Plaintiff RareGen officially changed its name to Liquidia PAH, LLC. (ECF Nos. 294, 295).

## I. FACTS

The Special Master presumes the parties' familiarity with the facts and procedural posture of this matter. As such, the Special Master will only recite the facts pertinent to the subject dispute.

In June of 2020, Liquidia announced that it would be acquiring Plaintiff RareGen (now Liquidia PAH), with the transaction ultimately closing by the end of the 2020 year. (Def. Br. at 1; Liquidia Br. at 1). This announcement was made while the underlying action was pending. (*Compare* Civil Action No. 3:19-cv-10170 (D.N.J.) *with* Def. Br. at 1, and Liquidia Br. at 1). Defendant served the subject subpoena on Liquidia as soon as Defendant learned of the merger. (Def. Br. at 1; Liquidia Br. at 1). Defendant's subpoena demanded that Liquidia produce documents that pertained to the underlying action and/or Liquidia's acquisition of Plaintiff RareGen (now Liquidia PAH). (*Id.*).

Defendant and Liquidia engaged in a prolonged discussion regarding the parameters and manner of Liquidia's response to Defendant's subpoena. (Def. Br. at 1; Liquidia Br. at 1). According to Liquidia, it "spent months" working with Defendant, but "no matter what Liquidia proposed, [Defendant] wanted more." (Liquidia Br. at 1). At some point, Liquidia made a final offer of compromise to search and review over 25,000 documents with families. (Liquidia Br. at 3).

However, a new issue developed. Liquidia agreed to review the aforementioned universe of documents if Defendant agreed to pay the estimated cost of $45,000, arguing that it should not be required to carry this cost because it was an "innocent bystander." (Liquidia Br. at 3-4, 1).

Defendant refused to pay for the cost of review and production asserting that Liquidia was an interested party and, therefore, responsible for the total cost of production. (Def. Br. at 1-2).

Defendant and Liquidia have been unable to resolve this issue relating to the cost of responding to the subpoena. As such, Defendant has moved to compel Liquidia to bear the cost and fees associated with responding to Defendant's subpoena. After careful consideration, and for the reasons set forth below, the Special Master grants Defendant's Motion.

## II.   LEGAL STANDARD

Generally, a non-party responding to the subpoena is required to pay the cost of same. *See, e.g.*, *Gould v. O'Neal*, 2019 WL 4686991, at *4 (D.N.J. Sept. 26, 2019) ("a nonparty responding to a subpoena is typically required to pay its own costs of production."). However, there is an affirmative duty on a party serving a subpoena to take reasonable steps to avoid imposing undue expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(1). Pursuant to Rule 45, the Court may impose an appropriate sanction, such as reasonable attorney's fees, on a party who fails to comply with this duty. Rule 45 also provides that when a person served with a subpoena to produce documents objects, the serving party may move for an order compelling production. Such an order, if entered, must protect a person who is neither a party nor a party's officer from "significant expense" resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(i) and (ii)

This general rule is not without exception. Rule 45 governs the procedure by which a non-party is protected from compliance with a subpoena, and, in pertinent part, sets forth that While Liquidia does not appear to be arguing for sanctions against Defendant UTC for any failure to comply with its duty to avoid imposing undue expense under subsection (d)(i) of Rule 45, nonetheless, the Court, or in this case the Special Master, is tasked with assuring that a non-

3

party is not burdened with significant costs when the non-party complies with a duly issued subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii). Furthermore, the Third Circuit has explained that "[*s*]*ignificant expenses* must be borne by the party seeking [the] discovery." *R.J. Reynolds Tobacco v. Phillip Morris, Inc.*, 29 F. App'x 880, 882-83 (3d Cir. 2002) (emphasis added).

The Special Master's analysis does not end with the plain language of the Rules, however. As Courts within the Third Circuit have explained, when a subpoena is directed to a person or entity that "is not a classic disinterested non-party, the court can order the non-party to produce the documents at its own expense." *In re Mushroom Direct Purchaser Antitrust Litig.*, 2012 WL 298480, at *7 (E.D. Pa. Jan. 31, 2012). To determine whether fee-shifting is appropriate, courts in their discretion consider "(1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance." 9 Moore's Federal Practice § 45.41[3]; *Miller v. Allstate Fire & Cas. Ins. Co.*, 2009 WL 700412, at *2 (W.D. Pa. Mar. 17, 2009).

### III.   ANALYSIS

The primary focus of the Special Master's analysis, as well as Defendant and Liquidia's arguments, is whether or not Liquidia is an interested party such that it should bear the cost of subpoena compliance. According to Defendant, Liquidia is an interested party because Plaintiff RareGen (now Liquidia PAH) is a wholly owned subsidiary of Liquidia. (Def. Br. at 3 (citing *Universal Del., Inc. v. Comdata Corp.*, 2010 WL 1381225, at *4 (E.D. Pa. Mar. 13, 2010)). Moreover, Defendant asserts that "Liquidia stands to receive a direct financial benefit should Plaintiffs … prevail on their claims," since any injunctive relief awarded to Plaintiffs will result in Plaintiffs' ability to promote generic treprostinil, which, in turn, will result in revenue for Liquidia as the parent company of Plaintiff RareGen (now Liquidia PAH). (*Id.*). Hence,

Defendant avers that Liquidia should be responsible for the costs of complying with the subpoena because it stands to receive a direct financial benefit. (*Id.* (citing *Cornell v. Columbus McKinnon Corp.*, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 15, 2015)).

Liquidia begins by noting that its decision to acquire Plaintiff RareGen (now Liquidia PAH) should not be held against it, as it specifically "carved out" this litigation as part of the merger transaction. (Liquidia Br. at 5, Exhibit C). Said exhibit specifically sets forth that Liquidia would have "no recoverable stake or standing in this Action." (*Id.*). As such, Liquidia avers that its ownership of Plaintiff RareGen (now Liquidia PAH) should not be any indication that it is an interested party in the litigation. Liquidia also notes that the injunctive relief sought by Plaintiffs is targeted as providing relief for patients, not Plaintiffs themselves. (*Id.*). Finally, Liquidia says that any argument rooted in future profits from the sale of generic treprostinil should be ignored because, if Defendant's logic is accepted, any non-party with an indirect financial benefit would be required to pay for a response to a third-party subpoena, which would obfuscate the purpose of Rule 45(c)(2)(B).

The Special Master agrees with Defendant in this circumstance. This is because Liquidia is not a mere bystander, as it claims to be. Rather, Liquidia does in fact have an interest in the outcome of the case. As a matter of fact, Plaintiff RareGen "changed its name to Liquidia PAH, LLC" and advised the Court of same on April 5, 2021. (ECF Nos. 294, 295). This further supports the assertion that non-party Liquidia is truly vested in the outcome of this litigation, as the name "RareGen" no longer signals that only the wholly owned subsidiary of Liquidia is involved in this litigation. Moreover, should Plaintiffs fail in their claims, Liquidia's wholly owned subsidiary, Plaintiff RareGen (now Liquidia PAH), will be hindered from obtaining significant profits from the sale of generic treprostinil. The reverse is also true, as Plaintiff

RareGen (now Liquidia PAH) stands to earn significant profits if it were to succeed in its underlying claims.

One need not look further than the First Amended Complaint to come to this conclusion. There, Plaintiffs alleged that Defendant earned nearly two billion dollars over the past three years just from the sale of Remodulin®.[2] (ECF No. 178 ¶ 6). Hence, Plaintiffs stand to earn significant revenue should they succeed in the underlying action. By the same token, Liquidia, as Plaintiff RareGen's (now Liquidia PAH) parent company, stands to benefit from the success of its wholly owned subsidiary. Hence, it is disingenuous to presume that Liquidia would gain nothing if Plaintiffs are successful.

This sentiment was echoed by the United States Supreme Court in *Copperweld Corp. v. Independence Tube Corp*, 467 U.S. 752 (1984). There, while discussing parent companies and their wholly owned subsidiaries in the antitrust context, the Court held that "[a] parent and its wholly owned subsidiary have a *complete unity of interest*. Their objectives are common, not disparate; their general corporate actions are guided or determined not by two separate corporate consciousnesses, but one." *Copperweld*, 467 U.S. at 771-72 (emphasis added). Accordingly, the Special Master is not persuaded that Liquidia has *no interest* in the outcome of this litigation.

Next, Liquidia has not presented any argument or evidence to show that requiring it to bear the cost of compliance with the subpoena would be a "significant expense." Liquidia only explains that "significant expenses" should be borne by the party seeking the discovery. (Liquidia Br. at 1). However, aside from stating the overall cost of $45,000, Liquidia does not explain how this amount is significant within the meaning of the law. Liquidia is a large company, which, as *R.J. Reynolds Tobacco*'s progeny has explained, has the ability to bear the cost of production. *See Magna Mirrors of Am. v. Pittsburgh Glass Works, LLC*, 2012 WL

---

[2] Remodulin® is Defendant's branded version of generic treprostinil.

4904515, at *3 (W.D. Pa. Oct. 15, 2012) (ordering non-party to comply with subpoena and bear the cost of production based on its corporate size).  Therefore, while $45,000 can generally be considered a large sum of money by some, Liquidia has not made any showing that this sum of money is relatively significant to it.

Finally, this matter is of some public importance as it seeks to make a drug more readily available to patients.  Accordingly, all three factors weigh in favor of Liquidia complying with the subpoena and bearing its own costs.

## IV.   ORDER

For the foregoing reasons, it is on this 6th day of April, 2021,

**ORDERED** that Defendant's Motion to Compel Non-Party Liquidia Technologies, Inc. to Bear the Cost of Responding to Defendant's Subpoena is hereby **GRANTED**; it is further

**ORDERED** that Liquidia Technologies, Inc. shall comply with the Defendant's subpoena, consistent with the parties' prior agreement on search terms, within thirty (30) days of this Order; and it is further

**ORDERED** that Liquidia Technologies, Inc. shall be responsible for its own costs and fees associated with complying with Defendant's subpoena.

**SO ORDERED**.

/s/ *Jose L. Linares*
Hon. Jose L. Linares, U.S.D.J. (Ret.)