UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED THERAPEUTICS CORP., *et ano.*, <br><br> Defendants. | Civil Action No.: 19-cv-10170 <br><br> **OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING PLAINTIFF'S MOTION TO COMPEL WITH RESPECT TO EDGEMOND CELL PHONE TEXT MESSAGES** |

**LINARES, J.**

This matter comes before the Special Master by way of a Letter dated April 14, 2021 ("Motion") from counsel for Plaintiff Sandoz, Inc. seeking an Order to compel Defendant United Therapeutics Corporation ("UTC") to comply with the Special Master's March 29, 2021 Order and produce responsive text messages from the cell phone of James Edgemond. The Special Master has reviewed the submissions, including the April 14, 2021 email from UTC, the April 15, 2021 and April 19, 2012 emails from Sandoz, the April 30, 2021 Opposition from UTC, the May 3, 2021 reply email from Sandoz, the May 4, 2021 sur-reply from UTC, and the relevant controlling law. For the reasons set forth below, the Special Master hereby grants the relief requested by the Plaintiff.

## I.   DISCUSSION

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

Sandoz seeks an Order compelling UTC to do what it argues it should have already done as a result of the Special Master's March 29, 2021 Order and Opinion and (i) collect, search and produce text messages from the cell phone of UTC's CFO and document custodian James Edgemond and (ii) identify the date of the first and last text message on that phone.

UTC argues that it has complied with the Special Master's March 29, 2021 Order, as well as its obligation to "conduct a reasonable search for responsive text messages in Mr. Edgemond's possession, custody and control." At the same time, UTC claims, somewhat inconsistently, that it has "no obligation to collect and run searches across Mr. Edgemond's personal cell phone." UTC now claims that it was entitled to rely in good faith on the representation made by Mr. Edgemond that he does not use text messages for substantive work communications, and thus it is not necessary for counsel to collect and apply search terms on his phone where counsel is relying in good faith on its custodian to report truthfully whether they texted about subject matter relevant to the case.

The problem here, as Sandoz correctly points out, is that prior statements by UTC, including those made in its February 16, 2021 submission to the Special Master, certainly suggest that UTC actually searched for, collected, and reviewed text messages from Mr. Edgemond's phone. To wit, in its February 16, 2021 submission (Exhibit 6 to Motion), UTC stated: "As to Mr. Edgemond, UTC has not produced text messages for him because none of his text messages are responsive." A more accurate statement from UTC would have been to say, as it now turns out, that "UTC has not produced text messages for Mr. Edgemond because UTC believes it has no obligation to collect and search his cell phone text messages."

In Sandoz's prior application to the Special Master, which resulted in the March 29, 2021 Order, Sandoz requested an Order compelling UTC to:

2

1) Provide a list of custodian phones that UTC has collected and reviewed in the merits phase and, for each device, identify the first in time and last in time text message present in that collection;

2) Review and produce text messages to remedy gaps listed in Exhibit 16;

3) Review and produce specific text messages UTC had with Smiths and Accredo

4) Apply the same methodology that UTC used during the preliminary injunction (PI) phase to identify responsive text messages during the merits phase; and

5) Produce messages from the phones of Beth Rhodes and James Edgemond

In the March 29, 2021 Order, the Special Master noted that Sandoz had cited a number of inconsistent statements made by UTC with respect to UTC's production of text message discovery. The Special Master ordered UTC to produce a list of custodian phones it had collected and reviewed in the merits phase and, for each device, identify the first in time and last in time text message present in that collection.

The Special Master also stated that he was convinced that Sandoz had established gaps in the UTC production with respect to surrounding context-related text messages. Accordingly, the Special Master ordered UTC to "produce additional text messages that provide surrounding context for produced messages identified in Exhibit 16, including text messages that provide such surrounding context from the phones of Beth Rhodes and James Edgemond. If surrounding context-related messages do not exist, UTC must so state, and provide an explanation based on information available to it why they do not exist." See, March 29, 2021 Order.

For UTC to take the position now that it has "no obligation to collect and run searches across Mr. Edgemond's personal cell phone" is perplexing at best, and at worst, contravenes the

prior Order of the Special Master.[1]  Accordingly, UTC must comply with the Court's March 29, 2021 Order in full and collect, search, review and produce responsive text messages from Mr. Edgemond's cell phone.

## II.  ORDER

For the foregoing reasons, it is on this 8th day of June 2021,

**ORDERED** that Plaintiff Sandoz's Motion be and hereby is granted; and it is further

**ORDERED** that UTC shall collect, search, review and produce responsive text messages from the cell phone of James Edgemond within 14 days of the date of this Order; and it is further

**ORDERED** that UTC shall identify both the first in time and last in time text messages that are currently on Mr. Edgemond's cell phone.

**SO ORDERED**.

                                                          __/s/ *Jose L. Linares*__

                                                          Hon. Jose L. Linares, U.S.D.J. (Ret.)

---

[1] UTC's statement that Sandoz never identified any missing context-related messages from Mr. Edgemond is incorrect. Sandoz identified them in Exhibits 13 and 16 in its prior application and again in Exhibit 1 to this Motion.