# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORP., *et ano.*,<br><br>Defendants. | Civil Action No.: 19-cv-10170<br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING PLAINTIFF'S MOTION TO COMPEL WITH RESPECT TO EDGEMOND CELL PHONE TEXT MESSAGES** |

**LINARES, J.**

This matter comes before the Special Master by way of Plaintiff Sandoz, Inc.'s Letter dated August 16, 2021 ("Motion") seeking an Order to compel Defendant United Therapeutics Corporation ("UTC") to provide discovery related to the text messages of its CFO, James Edgemond and for sanctions relating to the Special Master's two prior orders on this topic. The Special Master has reviewed the submissions, including the August 30, 2021 opposition from UTC, the September 3, 2021 reply of Plaintiff, and the relevant controlling law. For the reasons set forth below, the Special Master hereby grants in part and denies in part the relief requested by Plaintiff.

## I.  DISCUSSION

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

This is the third time this topic has come before the Special Master. The first time resulted in an Order and Opinion dated March 29, 2021 that, among other things, required UTC to (i) produce a list of custodian phones it had collected and reviewed in the merits phase and, for each device, identify the first in time and last in time text message present in that collection and (ii) "produce additional text messages that provide surrounding context for produced messages identified in Exhibit 16, including text messages that provide such surrounding context from the phones of Beth Rhodes and James Edgemond. If surrounding context-related messages do not exist, UTC must so state, and provide an explanation based on information available to it why they do not exist." (*See* March 29, 2021 (ECF No. 292)).

The second time resulted in an Order dated June 8, 2021 which required UTC to collect, search, review and produce responsive text messages from the cell phone of James Edgemond within 14 days of the date of the Order, and identify both the first in time and last in time text messages that are currently on Mr. Edgemond's cell phone. (ECF No. 308).

The Special Master acknowledges that UTC's statements with respect to Mr. Edgmond's cell phone have been less than clear. In UTC's February 16, 2021 submission to the Special Master in opposition to Sandoz's first motion on this topic, UTC stated: "As to Mr. Edgemond, UTC has not produced text messages for him because none of his text messages are responsive." This statement certainly gave the impression that UTC actually searched for, collected and reviewed text messages from Mr. Edgemond's phone.

Subsequently, in its April 30, 2021 opposition submitted to the Special Master, in arguing that it had complied with the March 29, 2021 Order, UTC stated that it had complied with its obligation to "conduct a reasonable search for responsive text messages in Mr. Edgemond's possession, custody and control." In the very same submission, however, UTC stated that it has "no obligation to collect and run searches across Mr. Edgemond's personal cell phone." UTC

2

appeared to take the position that it was entitled to rely in good faith on the representation made by Mr. Edgemond that he does not use text messages for substantive work communications, and thus it was not necessary for counsel to collect and apply search terms on his phone.

Sandoz argues that UTC made numerous misleading statements about Mr. Edgemond's cell phone and repeatedly violated the March 29, 2021 Order. Sandoz now seeks the following relief:

1) an additional hour of deposition time for Mr. Edgemond;
2) a written explanation for why Edgemond does not have text messages on his phone prior to Sept 7, 2019;
3) cell phone records for Edgemond, if available;
4) images of Edgemond's cell phone and ipad device or, in the alternative, an in camera inspection of both devices to determine whether UTC is conducting reasonable searches; and
5) sanctions, including attorneys' fees for the three motions to compel.

UTC asserts that it has now fully complied with the March 29, 2021 Order and produced messages from Mr. Edgemond's cell phone, along with messages from his ipad device that it discovered during the course of its investigation. Mr. Edgemond was deposed on March 24, 2021. UTC states that it "obtained" Edgemond's cell phone on April 2, 2021 but did not begin to "search" it until June 9, 2021. (UTC Opposition at 2). UTC now states that the reason that Mr. Edgemond was not on the list it was ordered to provide (in the March 29, 2021 Order) of custodian phones it had "collected and reviewed" is because although UTC had "collected" his phone, it had not "reviewed" his phone. On June 22, 2021, UTC provided information to Sandoz that the first-in-time message on Edgemond's cell phone is September 7, 2019 and the last-in-time text message is April 2, 2021. (Ex. 16 to Motion).

3

As to its reading of the March 29, 2021 Order, UTC states that because it had only collected Mr. Edgemond's phone and had not yet reviewed its contents, it did not have to include Mr. Edgemond on the list it was ordered to provide of custodians phones that it had "collected and reviewed." While Sandoz's complaint about UTC's "hyper-technical" reading of this part of the Order is fair, based on a fuller explanation of the state of facts that existed at the time of the March 29, 2021 Order, the Special Master is satisfied that UTC technically complied with the first paragraph of that Order.

As to the second paragraph of the March 29, 2021 Order, UTC is correct that while the Order addressed the production of text messages from Mr. Edgemond's phone, it did not do so in the blanket manner originally sought by Sandoz. However, it included a requirement for UTC to produce text messages from the cell phone of Mr. Edgemond to the extent they provided surrounding context for the messages identified in Exhibit 16 to Plaintiff's February 8, 2021 submission. While stating that UTC regrets its misreading of this paragraph of the Order, UTC argues that not only has it now fully complied with the Order, but it has gone beyond it by undertaking a broader investigation to recover messages that might reside on devices other than Mr. Edgemond's cell phone.

Based on the more fulsome explanation in UTC's August 30, 2021 submission, the Special Master is satisfied that UTC has now complied with the second paragraph of the March 29, 2021 Order. However, the Special Master remains troubled by the shifting positions taken by UTC with respect to its obligations regarding Mr. Edgemond's cell phone messages and the contradictory impressions caused by the lack of clarity and fulsomeness in their statements at various points in time about the current status of their efforts to obtain Edgemond's cell phone, and then collect and review his text messages.

In its Reply, Sandoz argues that UTC should be compelled to provide additional discovery necessary for Sandoz to understand the scope and extent of any potential spoliation by Mr. Edgmond. Mr. Edgemond was initially deposed on March 24, 2021. It was not until June 22, 2021 that Sandoz disclosed that there are no text messages on his cell phone prior to September 7, 2019. In light of this late disclosure and in recognition of the fact, as detailed by Sandoz in its papers, that the statements made by UTC with respect to the status of their efforts at various points in time to obtain Mr. Edgemond's cell phone and collect and review text messages were less than clear, the Special Master holds that Sandoz is entitled to an additional hour of deposition time for Mr. Edgemond. Sandoz is entitled to take the deposition of Mr. Edgemond relating to his cell phone text message retention or preservation, the recently produced messages from his ipad, and the declaration attached as Exhibit A to UTC's Opposition. The deposition will be limited to one hour.

The Special Master acknowledges that the rules of discovery do not require perfection, particularly when it comes to electronic discovery, and that due to the nature of discovery motion practice, the relief a moving party requests may not be as precise as it can be because it is based on partial or incomplete information that exists at the time the application is made. The Special Master is satisfied that there was no bad faith on the part of UTC, and that any prejudice to Sandoz from the late disclosures can be cured by the additional deposition time. Based on the submissions of the parties and evidence before it, the Special Master does not believe any additional discovery or sanctions are warranted here.

## II. ORDER

For the foregoing reasons, it is on this 22nd day of October 2021,

**ORDERED** that Plaintiff Sandoz's Motion be and hereby is granted in part and denied in part; and it is further

**ORDERED** that UTC is compelled to produce James Edgemond for a deposition on topics relating to his cell phone text message retention or preservation, the recently produced messages from his ipad, and the declaration attached as Exhibit A to UTC's Opposition. The deposition will be limited to one hour.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　_/s/ *Jose L. Linares*_____

　　　　　　　　　　　　　　　　　　　　　Hon. Jose L. Linares, U.S.D.J. (Ret.)