UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

October 2, 2023

## LETTER ORDER

TO:   ALL COUNSEL OF RECORD

Re:   Sandoz Inc. v. United Therapeutics Corp., et al.,
      Civil Action No. 19-10170 (BRM) (JSA)

Dear Counsel:

Before the Court is Plaintiff Sandoz Inc.'s ("Plaintiff") application of April 13, 2023, seeking to exclude Defendant United Therapeutics Corporation's ("Defendant") Exhibit No. 339 listed on the revised proposed final pretrial order on the basis that the document was not identified or produced during discovery. (ECF No. 429). Defendant opposes Plaintiff's application. (ECF No. 432). No oral argument was heard pursuant to Fed. R. Civ. P. 78. After carefully reviewing the parties' submissions, and for the reasons below, Plaintiff's application is **DENIED**.

The facts and procedural history of this case are well-known to the parties and detailed in prior opinions and orders. (*See, e.g.,* ECF Nos. 251 & 382). As such, the Court highlights only those facts and procedural history relevant to deciding Plaintiff's application.

On March 3, 2023, the parties submitted a proposed final pretrial order. (ECF No. 405). Following a Status Conference before the Honorable Brian R. Martinotti, U.S.D.J. on March 14, 2023, (ECF No. 409), this Court issued a Text Order on March 15, 2023, directing the parties to meet and confer and then submit a revised proposed final pretrial order on or before March 24, 2023. (ECF No. 410). The parties so complied. (ECF No. 413). Thereafter, this Court conducted a Final Pretrial Conference on April 11, 2023 (the "April 11th Conference"). (ECF No. 419).

During the April 11th Conference, the Court asked if there were any objections to the opposing party's list of proposed witnesses or exhibits on the grounds that a witness or exhibit was not identified or produced during fact discovery. (*See* Tr. of 4/11/23 FPTC, ECF No. 430). In response, Plaintiff's counsel noted Plaintiff's objection to Defendant's proposed Exhibit No. 339, which is a December 1, 2022 agreement between Plaintiff, Liquidia (formerly RareGen), and Mainbridge Health Partners (referred to as the "Sandoz-Mainbridge Agreement" or "document"). (*See id.*). Defense counsel countered that the Sandoz-Mainbridge Agreement was neither created nor made public until after fact discovery closed. (*See id.*). Defense counsel further stated that once they discovered the document had been published online, they promptly disclosed it to Plaintiff's counsel. (*See id.*). The Court directed the parties to submit letter briefs outlining their

respective positions and a revised proposed final pretrial order as memorialized in the Court's Order of April 12, 2023. (ECF No. 421).

In support of excluding the Sandoz-Mainbridge Agreement, Plaintiff asserts three main arguments. First, the document was created long after the close of fact discovery. As such, Defendant was required to seek leave to reopen discovery, but did not. Accordingly, the document is not "part of the discovery record." (ECF No. 429 at 1-2). Second, the document was not included on earlier proposed final pretrial orders submitted to the Court. (*Id.* at 1). Third, Defendant seeks to use the document at trial for an improper purpose. (*Id.*). Specifically, Defendant intends to use the document to argue that Plaintiff could have entered a similar agreement in 2017 or 2018. (*Id.* at 2). Yet, according to Plaintiff, the parties did not conduct any discovery regarding Defendant's anticipated trial argument and neither party disclosed a trial witness who has personal knowledge about the Sandoz-Mainbridge Agreement or Defendant's intended use for the document. (*Id.*). As a result, Plaintiff continues that it would be prejudicial to allow this document to be included on Defendant's proposed exhibit list. (*Id.* at 3). Finally, Plaintiff argues the document is irrelevant, which serves as an independent basis to exclude the document. (*Id.* at 2-3).

In opposition, Defendant argues that the Sandoz-Mainbridge Agreement was not released to the public until March 20, 2023 – long after discovery closed. (ECF No. 432 at 1). Defendant continues that three days after it discovered the document, Defendant advised Plaintiff that it was adding the document to its exhibit list included in the revised proposed final pretrial order. (*Id.*) According to Defendant, courts often conclude that events arising after the close of fact discovery should not be excluded at trial merely because they were not disclosed during discovery. (*Id.* at 2) (citing cases). Next, Defendant contends that since Plaintiff is a party to the Sandoz-Mainbridge Agreement, Plaintiff cannot claim that the document's existence is a surprise. Further, Plaintiff possesses the facts and circumstances that led to the Sandoz-Mainbridge Agreement. (*Id.*). Since Defendant did not have a chance to conduct any discovery regarding the document, Defendant, rather than Plaintiff, may be prejudiced if the document is used at trial. Defendant also contends that one of Plaintiff's proposed trial witnesses, Scott Moonmaw ("Mr. Moonmaw"), is identified in the Sandoz-Mainbridge Agreement as the individual to whom "all notices" about the agreement should be directed. (*Id.* & Ex. A at 12). As such, Plaintiff improperly suggests that no proposed trial witness possesses personal knowledge about the document. (*Id.*). Finally, Defendant submits that Plaintiff improperly objects on irrelevancy grounds as Plaintiff's application to exclude should be limited to an objection based on Defendant's alleged failure to produce the document in discovery.[1] (*Id.*).

It is undisputed that the Sandoz-Mainbridge Agreement was created more than one year after the close of fact discovery. It is also undisputed that Plaintiff is a party to the Sandoz-Mainbridge Agreement. To suggest that Defendant has an obligation to move to reopen discovery to produce a document negotiated by Plaintiff as well as created and made public after discovery long closed is nonsensical. Defendant is not seeking to use a document at trial that existed, and Defendant possessed, during fact discovery but never produced to Plaintiff. In short, the Court

---

[1] This Court agrees. As previously noted, Plaintiff's application to exclude relates to the issue of whether the Sandoz-Mainbridge Agreement should be excluded as a trial exhibit solely on the basis that the document was not produced during discovery. Accordingly, the Court finds that Plaintiff's irrelevancy argument exceeds the proper scope of the objection as addressed during the April 11th Conference. Thus, this Court does not reach the merits Plaintiff's objection based on relevancy grounds. Rather, Plaintiff may, if appropriate, raise relevancy as a basis to exclude as part of an *in limine* motion consistent with Judge Martinotti's directives.

finds that, under these circumstances, there is no basis to exclude the Sandoz-Mainbridge Agreement on the basis that Defendant did not produce the document in discovery.

      Turning to Plaintiff's prejudice argument, this Court's review of the "Notices" section of the Sandoz-Mainbridge Agreement confirms that Mr. Moonmaw is listed as the individual to receive notices on behalf of Liquidia. (ECF No. 142 at Ex. A). The parties' most recent version of the revised proposed final pretrial order confirms that Mr. Moonmaw is listed as one of Plaintiff's proposed witnesses on damages. (ECF No. 433 at 37). Accordingly, not only has Plaintiff listed a witness who presumably has personal knowledge about the document, but Plaintiff has access to this witness to the extent Plaintiff intends to refute Defendant's proffered use for the document at trial. Thus, the Court finds there is no prejudice to Plaintiff in listing the Sandoz-Mainbridge Agreement as one of Defendant's proposed trial exhibits. To the extent either party submits that additional witnesses are needed to testify about the document, they should address any such request to Judge Martinotti ahead of the trial.

      For the foregoing reasons, Plaintiff's application, (ECF No. 429), to exclude Exhibit No. 339 on Defendant's proposed list of trial exhibits on the basis that it was not produced in discovery is **DENIED**.

      **SO ORDERED**.

<u>s/Jessica S. Allen</u>
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Brian R. Martinotti, U.S.D.J.